Good morning, Your Honors. Mark Boykin appearing for the appellate, Mark Legassie. I'd like to reserve a couple of minutes at the end for rebuttal, Your Honors. As the Court is aware, the district court originally found notice violations in this case and then reversed itself on Rule 60 motion brought by the defendants. In the initial round of briefing, the district defendants, or the appellate rather, did not address the failures to give notice that the plaintiff alleged. And therefore, when we filed our reply brief, there was no, they had not met their burden of proving that they had given the notices. That burden is on the defendant in an ERISA case where the plaintiff did not receive the notices. They did not meet that burden. So when we filed our reply brief, we did not have the opportunity to address their allegations regarding the notices that they claimed were given. I'm talking about the computer access, the internet access. Yes, Your Honor. There was a bench trial, was there not, on the papers? Yes, Your Honor. Is there any reason why you didn't object to these notices at the time of the trial? Well, Your Honor, the burden was on them. In fact, you used them, didn't you? Pardon me? You actually referenced them and referred to them, didn't you? I did not. I don't recall referring to them at all, Your Honor, but the burden was on them. Well, they used them, and did you object and say, gee, you can't use these, we didn't get notice of them or anything like that? No, I did not object to that, Your Honor. The burden was on them to prove that these notices were given in compliance with the 20-mile CFA Act. Okay. But if they say, here they are, isn't it incumbent upon you to say, well, you can't use them, they haven't met their burden? No, Your Honor, I believe that was incumbent upon the Court. That's their affirmative duty to come forward. Their burden of proof includes proving that these notices were made available in compliance with the Code of Federal Regulations. Their burden is just preponderance of evidence, isn't it? I'm sorry? Isn't their burden only preponderance of evidence? I believe that's correct, Your Honor. And an inference can be drawn in their favor from the evidence that's there, whether they talk about it or not. You know, Your Honor, the Code of Federal Regulations sets out extensive standards about what has to be demonstrated for electronic notices to be legally sufficient. Look, let me tell you where I'm concerned here so you can address what's on my mind. It looks to me as though it was very difficult, too difficult, for Legassi to figure out that he'd been bounced out of the defined benefit plan and put onto the 401K plan when he changed jobs. And it looked to me as though it was too difficult to figure out that his pension was now going to be $6,000 a year instead of, I think it was $30,000 a year. That's correct. On top of whatever Social Security you get. Huge difference in how you can live. And it looked to me as though not only was it hard for him to figure it out, but it was hard for Raytheon to figure it out because he asked three times and he got three different answers on what his pension would be. That's correct. However, when I look at what the case was that the district court had to decide, I can't figure out where you told the district court that that's the problem and that there's nothing that Raytheon did to satisfy its obligation to let Legassi know what his deal is. Well, Your Honor, the administrator of the plan does have the discretion to determine what his benefit is. Let's assume for purposes of my question that there is no burden of proof. A preponderance of evidence standard often works out as a practical matter to no real burden of proof because it's such an easy burden to meet and inferences can be drawn as well as direct evidence, circumstantial evidence can be considered. Let's assume that you don't have any argument, and I'm not saying you don't. I'm saying let's assume for purposes of discussion that you don't have any argument, that they failed to make a prima facie case for what they had to prove. And where are you then in terms of what you objected to or what you showed? Your Honor, what we showed is that there were a series of notices that were required under the U.S. Code to be given to Mr. Legassi, and one of those certainly was a notice under Section 1059A1B and C that should have been given to him when he left the plan and then also when he incurred a one-year break in service. Those notices would have alerted him immediately to the fact that his status had changed. Those were never given. Their contention is that because he stayed employed by Raytheon but not in a qualifying employment for participation, that he wasn't entitled to those notices. I think that's clearly contrary to the intention of the notice. I'm not sure about your word clearly. It looked to me as though this would be a novel interpretation. He does not have a break in service for Raytheon. The law says he has to be given notice when he has a break in service. He's still working for Raytheon, but there is a break in service as far as the unit of Raytheon that has the defined benefit. That is correct. And I don't know why that is clearly a break in service. Because, Your Honor, everything in ERISA talks about terms of qualifying employment, participation, all of these things that are an incident of being part of the plan. When you stop being a part of the plan, those notice requirements should be triggered. That's the very purpose of those notices is to tell people you're no longer part of the plan. I'm still not clear. I may have misunderstood what you said before. These notices were used at the trial without objection by you, and I'm not clear why you are relieved of your duty of objecting at the time they are introduced. Can you help me figure that out? Your Honor, they simply failed to meet their burden of proof. I didn't need to object to the notices. They didn't establish the ---- They can introduce any evidence they want. You can sit by and wait until the trial is over and then say they shouldn't have allowed these to come in. Well, Your Honor, part of their burden of proof is to prove that these notices were properly given. They didn't tender any evidence on that point. So in effect, I was entitled to bring a motion for judgment on the pleadings or equivalent to the Federal procedure because they failed to meet their burden of proof, which is exactly what I did. Let's say he had gotten the notices. What then? What would he have done, Your Honor? I mean, he changed jobs, right? Right. And then he, let's say sometime later, he gets a notice saying very clearly, you're no longer on that pension plan. You are now on this pension plan. What happens at that point? He could have started saving aggressively into his own 401K plan. He continued to believe that he was accruing credit. In fact, the benefit system showed him at different times as continuing to accrue service credit. He could have simply taken some of his salary and invested in a 401K plan of his own. And he, I won't speculate as to what he would have done, but that's certainly something he could have done had he known he was no longer on it.  Pardon me? The old pension plan. That was gone, right? Yes. Well, under that employment, it was gone. He could have requested a transfer back to his previous job where he would have. But there's no evidence of any of those things. No, no. He was happy in the job he was in. He just didn't want to stay. I listened to you talk. Yes. If you sort of cut in after two words, you're not going to hear what I have to say. I'm sorry, Your Honor. May I go ahead? No. Do you want to hear what I wanted to ask? Yes, Your Honor. Okay. There's no evidence as to any of these possibilities, is there? No, Your Honor. That he could have gone back and gotten another job. There was another job available back in the plan. Anything about saving. All these alternatives are just speculation, right? There's nothing in the record. There's no evidence as to the what if. No, there is not, Your Honor. So failing that, then what difference does it make? Isn't that your burden to show the consequences of a failure? Your Honor, in notice violation, failures to give notice cases, there are penalty provisions. There are attorney's fees provisions. These are not necessarily measured by the amount of damage that the defendant or that the plaintiff has suffered. These are procedural violations that have consequences under the code, and that's what we were seeking. I'm not sure I understand your answer. You need to be able to prove upper remedy. I just don't see where a ‑‑ I mean, assuming there was a violation, where a violation is abstract, absence of any proof of damage entitles you to do anything. You notice, I'm sorry, the penalty provisions under 1132C do not require a proof of actual damage. They are punitive in nature to compensate. This is $100 a day? I'm sorry, up to $100 a day. I'm missing something here. I just don't understand it. It strikes me that the case is about a guy who gets $6,000 a year in his pension instead of $30,000 a year. Six plus Social Security, you're poor. Thirty plus Social Security, he can live comfortably as a retired person. It looks like Raytheon never told him, if you take this new job, this transfer or promotion or whatever that we're going to give you, what it means is you no longer are on the defined benefit plan. You really lose out on your pension. But when I listen to your side's argument, it's not about any of those things. What it's about is technical requirements and burden of proof, which seem kind of evanescent because there doesn't seem to be clear record or clear law on your side for those things. What am I missing? What's bad about the hypothetical plaintiff's case that I described? Well, Your Honor, again, he was entitled to receive these notices. These notices are required by law for a reason. Look, the notice that's required that he plainly did not get is the notice when there's a break in service. And there doesn't seem to be any law or regulation or case that says a transfer between units of the same company with a change in the pension rights for the unit is a break in service. So the insistence that a notice, a break in service notice was needed seems, and that that's the fulcrum of the case, seems misplaced. What am I missing here? Well, Your Honor, it's not just that. It's the other notices, the pension benefit statements, the funding notices that carry specific penalty provisions under ERISA, under 1132C. That's the thrust of the case, in that if he had received these notices, he would have understood relatively quickly that he was not continuing to accrue pension benefits and could have either dealt with that through the company, sought another job, or made his own 401K savings. That's the thrust of the case, in that the defendant was required to give these notices. They didn't give them. And that's not simply a no harm, no foul situation under the law. It's not about what his pension benefit was or was not, because that's a deferential decision by the administrator. The fact is he is absolutely entitled to receive these notices, and he never got them. Okay. Thank you, Your Honor.  May it please the Court. My name is Robert Renner. I'm counsel for the Defendant Appellee, Raytheon Company Employee Benefits Committee. I think it's important that we focus on the four respective ERISA statutes at issue rather than a blanket discussion about notices that were or were not. Could you help me first with what's troubling me? I understand the interpretation you want us to make of the statute, because it was in the brief. The answer is one, or which one do you want to reference? The 1059? I'm talking about the red brief. But I really was trying to get to something else, if you would wait for it. Okay. It looks to me, as I explained to your adversary, as though this fellow transferred from one job at Raytheon to another. He did not realize at the time that he was going off the defined benefit plan and onto a 401K retirement plan, which basically means you save your own money for your old age. And it looks as though when he asked Raytheon what will my pension be, he got three different answers, and they were materially different. One time they told him $6,000 a year. Another time they told him $30,000 a year. That's a whole different quality of life when you add that to Social Security. Is that all true so far, what I understood from the record? The part about he was giving wildly varying statements, he was given varying statements. The district court found that he was given statements over a period of time. In terms of it implies that he didn't know, which we talk about in the course of the claim for benefits, that he did know in terms of being advised by the Human Resources Department during the interview process for the new job, and then by way of the brochure that was given that outlined the respective benefits. Okay. I had trouble finding some of that. When I looked at some of the excerpts, references in the red brief, I looked up one or two, and all they were were references to something Raytheon had said in some other litigation paper. So I gave up and I left it to my law clerk to try to find what it was that you were citing. You give me the references so that I can look at the actual documents that Raytheon gave to see if they comply with the law. The brochure that I referenced is at this is in the initial record that was submitted as part of Chad Miller's declaration. What I'm interested in is the excerpts of record. That's why we require you to give it to us, because we like to look up things in it. See, the problem is that for whatever reason, Mr. Boykin only submitted certain documents. So what did you submit? You were supposed to be proving that you gave him the notices, so I'm assuming that it's in the excerpts or supplemental excerpts. What I did is I resubmitted under seal the declaration of Chad Miller that attached the entire administrative record. Mr. Boykin chose only certain documents from the excerpts. So did you give us supplemental excerpts that have what you're trying to talk about now? When I contacted the clerk, I'm sorry, Your Honor. When I contacted the clerk, she suggested that I submit just merely the entire declaration again with the entire administrative record. Okay. And that was filed. So we do have supplemental excerpts that have this. It's not called supplemental excerpts, and I didn't want to mislead you in terms of whether you or your clerk is looking for the documents. Just give me a page number or something. I want to look these things up. And that's why when you go in here. I'm sorry. Why didn't you file supplemental excerpts? It was a document that was already in the clerk's record. It was a declaration of Chad Miller, and then he attached the entire administrative record. Well, I think, of course, nothing is an excerpt of record unless it's already in the record. That's what excerpt means. There are parts of the record that you want us to look at. So if it weren't in the record already, you couldn't put it in the excerpt of record So the document, the entire document is before the court. I resubmitted it. I don't know what you mean by before the court. Is it a supplemental excerpt? Is it in the excerpt? Those are the things. I don't know what you mean. It should be in the supplemental excerpt of record, but I don't believe we termed something called supplemental. See, whenever I tried to look anything up, all I could find was lawyer's argument. I couldn't find the actual documents and then measure them against the regs to see whether they're what they're supposed to be. If Your Honor is having trouble finding the documents that I'm referring to in the red brief, I'm happy to resubmit it as a supplemental excerpt of record. It's already been submitted. It may not be. You pretty much had your chance. What do you mean by submitted? What's that? What do you mean by submitted? We refiled the declaration of Chad Miller that attached the entire administrative record. Refiled it where? With this court, electronically. Is it in a book like this that says supplemental excerpts of record? I don't remember, Your Honor. Well, that's your job to remember. It's your job to comply with our rules. I know that it was submitted to the court, Your Honor. I don't know if there was a cover p of supplemental excerpt of record. I believe there was. I don't have it. I have excerpts of record. I don't have supplemental excerpts of record. So what notices did you give, where can I find them here, and why do they comply? Well, the notices, Your Honor asked if he was given any information regarding the decrease or the fact that he was no longer going to be in the pension plan. And I was referencing the brochure. In terms of the respective notices that are read. What brochure? The brochure that I was just referencing. Okay. Where? I guess you don't know where. Well, this is the base reference is Lake Penn 117. That's the base number that was given to the district court. We're not on the district court. Well, I don't know how else to refer to it, Your Honor. But in terms of the notice that. Part of the obligation as being a lawyer in this court is to follow our rules. Our rules are very clear about the need to put in excerpts of record, supplemental excerpts of record, the materials you want the court to examine. Are you a member of the bar of this court? Yes, Your Honor. Okay. Did you read the rules before you? Yes, Your Honor. Are you familiar with the excerpts of record rules? Yes, Your Honor. I also contacted the court regarding how to deal with this specific issue of a declaration that had been filed under seal with the district court. Let me ask you this. I'm not interested in what you contacted the clerk's office for. I mean, you are a lawyer, and, you know, you can call anybody you want to, but your obligation to comply with the rules is your obligation to comply with the rules. If you have something under seal, you can file supplemental excerpts of record under seal. And that's what we did, Your Honor. We filed this under seal with this court. Let me ask you. I have a question. Mr. Boykin says that these notices do not comply with, what is it, 29 CFR 2520. Where do you refute that they do? We don't because he didn't raise that until the response to the motion for relief under Rule 60B. Why can't he bring it up? Why can't he bring it up then? Why couldn't we have brought it up? No. Why can't he? The district court deemed that he had waived that argument because it was a I know. I know. But why couldn't he bring it up then even though, I mean, the judge changed her mind. Because there had been no discovery on the issue. There had been no initial disclosures regarding that issue. There was a whole host of reasons. I mean, this was a totally new argument that he was raising for the first time that she said, was a fact-heavy argument that should have been brought up in the initial trial. And so I think that's why. This is the strangest case. One side argues burden of proof. The other side argues waiver. Nobody argues the merits, even though it seems to have been decided on the merits. Well, it's on the merits of the failure to provide. Remember, in the district court's findings of fact and conclusions of law, on page 11, footnote 13, she specifically says, this has been argued and this has been advanced by the plaintiff as a failure to provide documents. Not because she's the one who, for the first time, notices the discrepancy that Your Honor is noting in the pension benefit statements. And she says, no one has ever argued the fact that these were misleading. Let me ask you about that break-in service issue. Sure. Your adversary said it was clearly a break-in service when he moved from one unit to the other. And I questioned the adverb clearly. I could see where one might interpret a break-in service to mean ending your employment with the employer, or one might interpret break-in service to mean ending your employment with the employer insofar as it ends participation in a pension plan. But I think it's the whole point of the regs is to address pension plans. Leaving aside clearly, is there any authority one way or the other, Your Honor, any authority your way? No, Your Honor. And I think, well, the entire argument that Mr. Boykin has advanced on appeal is new. That issue was first raised by the district court. Okay. Aside from waiver, let's say he gets past waiver. Do you have a merits argument? It's both in terms of what he's arguing in terms of saying that it should be a break-in participation or accredited service. There's just no basis for that substantial question. Well, yeah, there's a basis. If somebody is no longer accruing defined benefit pension plan rights so that his retirement is going to be $6,000 a year instead of $30,000 a year, there's a lot to be said in terms of the purposes of the statute and regs for telling him so, sending him a written piece of paper that says, you have really put your foot in it. Now all you're going to get is $6,000 a year, and it doesn't matter how many more years you work here. Then he knows that his whole life is different from here on, and he has some time to salt away some money for his old age. There's a purpose, okay. The question is whether to read break-in service to mean that or not. I'm not arguing that there may be a purpose in expanding the language. I'm just saying that it would require a substantial language expansion of the statute. Not necessarily. You could interpret break-in service to mean break-in service with respect to the pension plan if there's no authority the other way, and I just asked you if there was, and you said no. Covered service. You could read service as covered service. Very easy. Why shouldn't we read it as covered service? You agree that there was a break-in covered service, right? There was a break-in covered service. I suppose it could be interpreted that way in terms of saying that when he moved from one plan to another that I'm sorry, did you hear my question? Could I say that? Do you agree that there was a break-in covered service? Yes or no? I don't think that's the one-year break-in service that's being referenced, Your Honor. That's all I'm asking. Did you hear the question? I did, Your Honor. Was there a break-in covered service? Well, I don't know why you're looking down. I don't think that's a break-in service. Your Honor, no. I don't care what you think it is. I'm asking you the question, was there a break-in covered service? No, Your Honor. Okay. He continued in covered service? No, but it was not a break-in service. I mean, I'm sorry. I thought this was a binary thing. You either continue or there's a break. Did the covered service terminate? No. How could he be in it and also be out of it? I don't think he was. I'm sorry? Well, he used to be in it. Then he's out of it. How can that happen without a break? I'm not following. He stayed within the same employer, and that's a benefit. But did you understand the concept of covered service? Yes. Tell me what it is, just so we know we're on the same page. I think you're referencing the fact that he continued in the same type of benefit plan that he had before. All right. Did that stop? He did not. Did that stop? He did not stay in the same set of benefits. Did that stop? Yes. Okay. And you say that's not a break-in covered service? I don't believe so, Your Honor. Okay, why not? How is stopping a service different from a break-in covered service? I'm not sure, Your Honor. Well, you're the one who said no, so you seem sure. How are they different? You said that the service stopped, the covered service stopped, but you say, well, there's not a break-in covered service. This is nonsense to me. This reminds me of the poster litigant in the other case. His service is with the same employer, Your Honor, so I don't think that... Covered service. Well, one of your... Is it covered service? And that's the insertion of a language that I don't think is appropriate under the statute. I don't care what you think is appropriate. I'm asking you, was there a break-in covered service? Did he continue in covered service? No, he did not. Okay, was there a break-in covered service? Under the additional word, then I guess there would be. Boy, that's pulling teeth, you know? You just make yourself look silly when you fight an answer. So the question really is whether when it says break-in service, it means break-in covered service or not, and your job is to persuade us it doesn't mean covered service, not to argue with whether or not there is a break-in covered service. I mean, you just look stubborn and, you know, not very smart when you do that. Now, why shouldn't we read this as a break-in covered service? That's your battle. That's where you need to argue. I just think that the statute is clear, that one doesn't read additional words into the statute, and as the district court correctly found, he remained employed by the same employer during the entirety of this time, even after he changed divisions. Why shouldn't we read an additional word into the statute if the purpose of the statute is evident and the additional word more clearly serves that plain purpose? It's not as though the statute negates the word covered service. It's not as though it says employment for the same employer. It just seems like Congress didn't think of the possibility. Well, maybe did think of it and saw that what we're talking about here is when you're serviced, it relates to the pension staffs. They didn't think they need to say covered service because there are many break-in services when you're no longer in service that continues the pension. It would make a lot more sense in saying you go on the pension plan and you don't need to get a notice if you happen to also be working for a different division or the same employer, whereas if you go working for a different employee, you do get notice. What sense is there in giving one guy notice and another guy not notice? Well, certainly the cases and the cases. If anybody needs more notice, it's the guy who works for the same employer. It might be fooled into thinking the pension plan continues. Well, I don't think in this case Mr. Lugoski was fooled into anything. I think he did get a pension benefit statement that clarified he was under no plan at the time. Could you show us, tell us where that is? Yeah, where is it? That's AR 1-10, Your Honor. He was provided two in June 2006, one in June 2008. Do you have a copy of it there? I have it in the administrative record, Your Honor. I don't, again, I'm not sure quite what happened in terms of why you don't have this document. I understand why. It's a simple question and you give me this whole thing. Do you have it or do you not have it? I have it with me, yes, Your Honor. What is wrong with just saying yes? Yes, Your Honor. Read it. The pension benefit statement? Read the relevant language. Just read it. Enclosed are the pension benefit calculations which you requested. I mean, this is a multi-page letter, Your Honor. Give me the punchline. Pick out the thing that you said. He got a notice. I mean, you stood there two minutes ago and said he got this notice that told him you're no longer covered by this plan. Okay? Now find me the language in that notice that you now say you have in front of you that he got that says that. Just tell me the language. Not all the stuff around it. The part you have highlighted probably. It's under a pension benefit. Just read it. Just read the language. Current plan, colon, no plan. I'm sorry? Current plan, colon, no plan. That's after the fact? That's after he transferred? Correct. What good does that do him after he's gone? I mean, already the damage is done, isn't it? Well, again, Your Honor, as advanced in the claim for benefits that he made to Raytheon and with the Administrative Appeal, he did know that he was no longer approving services. What could he do about it then? Well, I mean, it's speculative because he could have requested a transfer back. He could have requested it to the old position. He could have requested it to some other position that did have the pension continued, but this particular division did not. Was he entitled to notice before he made the decision to move? And again, Your Honor, under the claim for benefits, he was given ñ there was a discussion about whether he did or did not have continued pension. So he is entitled to notice before he changes? He received it. I don't know. Because the thing you just cited is the one that he got after he already made the decision. Correct. Was he entitled to one before he made the decision? I don't believe so, Your Honor. How is he supposed to know that if he makes this decision he's going to get screwed? Well, you're talking about notice versus information. He wasn't given a ìnoticeî because, again, under my belief, the 1059 service break was not applicable, but he did have the information because he was told that he was going to no longer participate in the plan. But again, since Mr. Glossy totally abandoned his claim for benefits at the district court level, we didn't get into that. We didn't get into those issues with the district court. Okay. Thank you. Your Honor, is there a way that I can submit the full copy of the amendment? You must comply with our excerpts of record rule. You will do so by noon on Wednesday. Okay. And you will not charge your client for lawyers' fees. No, listen to me. Just don't talk. You will read the rule and you will comply with it. You will not charge your client for the preparation of attorney's fees in any way associated with complying with the rule. And they'll be here in this courthouse no later than noon on Wednesday. That's fine. Thank you, Your Honor. Okay. Please. I'll give you a minute. Do you know the documents from which counsel read? I'm sorry, Your Honor? Are you familiar with the documents from which counsel read? I'm familiar with the documents that he says indicated that my client was informed he was not in the plan. He was told in 2006... I asked you a question whether you are familiar with the document that he read. I have seen... I'm not asking whether you agree that it says or has a... Do you know what he's talking about? I do know what he's talking about. So you can address the specific document. He read us a portion that said covered plan none. That is correct. Okay. Why isn't that enough notice? He said and they said in 2006 he was out. 2008, he was in. 2009, he was out. He got three different, well, two different versions of whether he was in or out. The benefits system, when he checked on his accrual, showed he was still accruing benefits in 2008 or accredited service in 2008. 2009, they corrected that to delete the last ten years of his service. That was the issue, Your Honor. That's what triggered this litigation. So they've given him different versions... I'm not sure I understand the answer. I'm sorry. The document that opposing counsel read was issued when? It did say in 2006 that he was out. 2006. In 2008, it said he was in. Well, if he got notice in 2006 that he was out, what difference does it make whether they changed their minds or they were later? Well, Mr. Legassi believed that that was an error and he started communicating with them and then at that point, they gave him the credit again. That was the point. And then in 2009, they said he's out. And that's when he brought this litigation. And when did he have change of jobs? 1999. Let me ask you, if we were to agree with you, what exactly do we do? I'm not clear what the posture of the case is. You had a trial. You won. Then there was a motion under Rule 60. You lost. You've appealed the grant of the Rule 60 motion. So if we were to agree with you, what happens? We should do what? I'm sorry, Your Honor. We go back to the district court for determination of penalties for the failures to get notice and also attorney's fees and costs. Does that reinstate her original ruling or does it just pick up where it left off or what? It would go back and reinstate her original ruling, I believe, Your Honor. Any further proceedings required? Yes, there would have to be a hearing to fix the amount of the penalty and the attorney's fees and costs under 1132. So you're not you don't want an equitable remedy that he just stays in the defined benefit plan and is treated as having been in it? Well, we would ask for that equitable remedy. That's in the discretion of the trial court. We believe the penalties are mandatory. And I would assume that under that. So you only want the mandatory penalties? You don't want the equitable remedy? We would like both, and we did ask for both. That's in the discretion of the trial court. The trial court. I'm asking you, what do you want us to do? Do you want us to just turn the clock back to the status quo? We'd like you to reinstate the original ruling of the trial court, of the district court, Your Honor. And then that court would set a hearing to fix the penalty and the attorney's fees and costs and other equitable remedies. The district court could fix the penalty at an amount that would compensate my client for the present value of the benefits that he's not going to receive at retirement age. And there's a panoply of remedies that would be available to the district court at that point. Thank you. Thank you, Your Honor. Mr. Renner, do you agree? I just want a yes or no. Mr. Renner, that the thing you read me for, because I don't have it in front of me, is that 2006? Yes, Your Honor. So this was 70 years afterwards. Right. That's what you read me, something 70 years after your term. There was nothing immediately afterwards. Yes. Okay, thank you. Your Honor, one more point. If Mr. Renner is going to submit additional documents, and if I have any problem with what he's submitting, may I file some response within two days? You know, we have rules about these things. If he's going to submit supplemental access for records, if you're not happy with that, you can do whatever rules say you can do if you're not happy with supplemental access for records. Okay, thank you. Okay, case is signed and submitted.
judges: Kozinski, Kleinfeld, Silverman